| 42 | 229 |
| 82 | 706 |
| 42 | 229 |
| 108 | 503 |
| 42 | 229 |
| 111 | 53 |
| 42 | 229 |
| 115 | 295 |
| 42 | 229 |
| 131 | 325 |

ZERBE v. REIGART ET AL.

1. **Evidence:** ACTION AGAINST AN ADMINISTRATOR. The interest which may disqualify a witness in an action to which an administrator is a party must be present, certain and vested. Following *Wormley v. Hamburg*, 40 Iowa, 22.

2. ———: ———: EQUITY. The provisions of section 3639 of the Code, disqualifying as a witness in an action against an administrator "any person from, through, or under whom the plaintiff derives any interest or title by assignment or otherwise," do not apply to nor exclude the testimony of one who may have been at any prior time the holder of a mere equitable interest in the property in controversy.

*Appeal from Jackson District Court.*

THURSDAY, DECEMBER 16.

THE plaintiff alleges in her petition that on the 28th day of February, 1859, she sold to the defendant, Adam Gebhert, certain land for $2,400, receiving in cash $400, and the written obligations of Gebhert for the balance of the purchase money, and that at Gebhert's request she executed a warranty deed for said land to Abraham N. Graeff, Gebhert and Graeff having an understanding and arrangement that if Gebhert would obtain the conveyance of said land to Graeff to secure the payment of $2,100, which Gebhert was owing Graeff, Graeff should reconvey said land to Gebhert, upon Gebhert's paying him the amount of said indebtedness.

That in the fall of 1860, Gebhert having paid Graeff the said indebtedness, but having failed to pay the plaintiff his

written obligations given for the purchase money of said land, plaintiff repurchased the said land from Gebhert, agreeing to pay him therefor $400, and to surrender to him his said written obligations ; that she did so surrender said notes to him, but not being able to raise the money she authorized Gebhert to procure for her a loan of $400, and to procure from said Graeff a conveyance of said land to any person from whom he should obtain the loan, as security therefor, said grantee to agree to re-convey to plaintiff on payment of said $400.

That on or about the 5th day of January, 1861, in pursuance of said authority from plaintiff, Gebhert borrowed $400 of Henry Shellenberger for plaintiff, and caused a conveyance to be made of said lands from said Graeff to said Henry Shellenberger as security therefor, it being agreed by Shellenberger and said Gebhert that, upon payment of said $400 and interest thereon at ten per cent per annum, he would reconvey the lands to plaintiff.

That in the fall of 1867 said Henry Shellenberger died. Henry Reigart is his administrator, Mary Shellenberger is his widow, and Ida, Ellen and May Shellenberger are his heirs at law. That on January 20, 1869, plaintiff caused to be tendered to the said administrator the sum of $825, being the said $400 and interest thereon at ten per cent per annum, and all taxes paid by Henry Shellenberger and caused a demand to be made of said Henry Reigart, that as such administrator he should convey to plaintiff all right and title of said Henry Shellenberger in said land by virtue of said conveyance to him from Graeff, and such tender and demand were refused. That said land is worth about $3,000.

Plaintiff prays that said Henry Reigart may be decreed to specifically perform and carry out the said contract of said Henry Shellenberger, and ordered to make a good and sufficient deed of conveyance of said lands to plaintiff, and that the interest of the heirs and of said Gebhert be foreclosed and barred.

The administrator and the widow of Henry Shellenberger answered, alleging that the conveyance to Henry Shellen-

berger was absolute for the consideration of $900, and denying all the other allegations of the petition.

The guardian *ad litem* of the other defendants, who are minors, answered, denying all the allegations of the petition.

The court dismissed plaintiff's petition, and she appeals.

*Ellis & Spence,* for the appellant.

*S. D. Lyman* and *W. E. Leffingwell,* for the appellees.

DAY, J.—I. The plaintiff took, and offered in evidence on her own behalf, the deposition of Adam Gebhert, who, amongst other things, testified that the circumstances under which the conveyance of the land in controversy was made to Henry Shellenberger, were substantially as alleged in the petition. The defendant, Reigart, and the Shellenbergers filed their motion excepting to this portion of the deposition of Gebhert upon the ground that, when his deposition was taken, he was interested in the result of the suit adversely to the said defendants, and therefore was not a competent witness against them as to matters which transpired before the death of said Henry Shellenberger; and upon the further ground that Gebhert is a person from, through and under whom the plaintiff derives an interest in and title to the property which she seeks to recover in this action. This motion was sustained so far as the deposition of said Gebhert relates to personal transactions had by him with Shellenberger in his lifetime.

This ruling the plaintiff assigns as error. The objection to this testimony is based upon section 3639 of the Code of 1873, which provides that "no party to any action or proceeding, nor any person interested in the event thereof, nor any person from, through or under whom any such party or interested person derives any interest or title by assignment or otherwise, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination deceased, * * * against the executor, heir at law, next of kin," etc.

This witness is not shown to have any such interest as would exclude his testimony. The interest which disqualifies a witness in an action wherein an administrator is a party must be present, certain and vested, and not uncertain, remote, contingent or doubtful. *Wormley v. Hamburg*, 40 Iowa, 22. Is the witness excluded under the other provisions of the statute? As the witness is not interested, and hence would have been competent at common law, his testimony ought not to be rejected unless it comes clearly within the prohibition of this section, for the evident purpose of the chapter upon the subject of evidence is to enlarge and not to abridge the sources of testimony. This section excludes the testimony of any person from, through or under whom any party to the action or interested person derives any interest or title by assignment, or otherwise, when such testimony relates to a personal transaction had with a person, at the time the testimony is offered deceased, and the testimony is offered against the executor, heir, etc. The plaintiff does not derive or claim any interest or title directly from, through or under Gebhert. In virtue of the original sale of plaintiff to Gebhert the legal title never vested in him. The conveyance was made to Graeff in trust for Gebhert. The plaintiff now claims that, in virtue of an arrangement made between Gebhert, as plaintiff's agent, and Shellenberger, the legal title was conveyed to Shellenberger under an agreement that it was to be conveyed to plaintiff when the $400 advanced by Shellenberger, interest and taxes, should be paid. Without undertaking to put a definitive construction upon this section (3639), which is very peculiar in some respects, it seems to us that it could not have been the intention in an action against the administrator or heir, concerning real estate, to exclude the testimony of any person, although not interested in the result of the suit, who, at any prior time, may have been the holder of the equitable interest. Unless we are prepared to give this section that broad construction we must hold the witness, Gebhert, competent in this case.

II. Even without the excluded testimony of Gebhert we

would have some hesitancy in saying that the facts alleged in the petition were not sufficiently proved. With his testimony we feel fully satisfied that the allegations of plaintiff's petition are proved, and that she is entitled to the relief demanded.

III. It is urged that plaintiff's petition should be dismissed because she makes no offer to pay the acknowledged debt. She does, however, allege and prove a tender of the amount advanced, with interest, and the taxes paid upon the property. This, we think, is sufficient. The decree for conveyance will be upon condition of full payment, and if that be not made within sixty days from date of decree, that plaintiff's rights in the property be foreclosed. Plaintiff may have a decree in this court, if she so elect.

REVERSED.