## IVERS, ADM'R, v. IVERS.

1. **Estates of Decedents**: PROCEEDINGS TO DISCOVER ASSETS: EFFECT OF DISCHARGE OF PARTY SUMMONED.    When a person suspected of having wrongful possession of property belonging to an estate has been summoned for examination, under §§ 2379, 2380 of the Code, and has been discharged, such discharge cannot be pleaded as a former adjudication in an action afterwards begun by the administrator against the discharged person to recover the value of property of the estate alleged to have been wrongfully appropriated by him.

2. **Evidence**: ACTION BY ADMINISTRATOR: PERSONAL TRANSACTIONS. In an action by the administrator to recover the property of the estate, an heir of the decedent has an interest, (unless the estate is insolvent, which will not be presumed,) and cannot, therefore, testify against the administrator as to personal communications between himself and the deceased.    Code, § 3639.    But the prohibition of this section does not extend to a transaction as to which the administrator has been examined in his own behalf.

*Appeal from Guthrie Circuit Court.*

THURSDAY, OCTOBER 18.

THE plaintiff, as administrator of the estate of Martha Ivers, deceased, brings this action to recover of the defendant the value of certain property which, it is alleged, belonged

to the estate of decedent, and which, it is claimed, the defendant took possession of and appropriated. The cause was tried to a jury, and verdict and judgment were rendered for plaintiff in the sum of $1,124.70. The defendant appeals. The material facts are stated in the opinion.

*Lyman Porter* and *McCaughan, Dabney & McCaughan,* for appellant.

*Fogg, Long & Neal* and *E. W. Weeks,* for appellee.

DAY, CH. J.—I. The defendant set up in his answer that there had been an adjudication of the matters now in con-

1. ESTATES of decedents: proceedings to discover assets: effect of discharge of party summoned.

troversy. The proceeding relied upon as an adjudication was instituted under sections 2379 and 2380 of the Code, in which proceeding the court found that the administrator was not entitled to an order for the delivery of the property in question. The plaintiff demurred to this portion of the answer, and the demurrer was sustained.

This action of the court is assigned as error. These sections merely authorize the summoning and examination of the party suspected of having taken wrongful possession of the effects of the deceased. No general evidence can be introduced in behalf of the administrator. *Smyth v. Smyth,* 24 Iowa, 491; *Rickman v. Stanton,* 32 Id., 134.

The finding of the court upon such proceeding cannot be pleaded in bar of an action by the administrator to recover the property of the estate.

II. The defendant introduced as a witness Ann Johnson, daughter and heir of Martha Ivers, deceased, and inquired

2. EVIDENCE: action by administrator: personal transactions.

respecting certain personal communications between witness and deceased. The testimony was objected to as incompetent, under section 3639 of the Code, and the objection was sustained. We think this ruling was right. The witness, as heir, was directly interested in the result of the suit, unless the estate of

Martha Ivers was insolvent. We cannot presume that the estate of Martha Ivers was insolvent, for the purpose of admitting the testimony of her heir. The cases relied upon by appellee, *Wormly v. Hamburg*, 40 Iowa, 22, and *Zerbe v. Reigart*, 42 Iowa, 229, do not go to the extent of sustaining the admissibility of the testimony in question.

III. The witness, Ann Johnson, executed a paper, which was offered in evidence in the case, in which she disclaims all interest in this action or the result thereof, and all and every interest in the personal estate of Martha Ivers, deceased.

THE SAME.

It is insisted that this disclaimer rendered the witness competent. The authorities relied upon by appellant hold that a witness, incompetent on account of an interest vested in himself, may divest himself of it by a release or other proper conveyance. 1. Greenleaf on Evidence, § 426. The disclaimer of the witness did not operate as a release of her interest, and did not in our opinion restore her competency.

IV. John Ivers, the plaintiff, testified on his own behalf, and detailed a conversation which he heard between the deceased and the defendant respecting the property on the farm. The defendant was called as a witness, his attention was called to this conversation, and he was asked to state the conversation which occurred. The question was objected to, and the objection was sustained. This ruling was erroneous. The prohibition prescribed in section 3639 of the Code does not extend to any transaction as to which an administrator has been examined in his own behalf. For the error in excluding this testimony the judgment is