CHAS. H. PALMER, Appellant, v. VIRGINIA M. PALMER *et al.*

Action to Recover Personal Property: COUNTERCLAIM IN. In an action to recover specific personal property, both parties claiming ownership, defendant can not use debts due her from plaintiff as an equitable set-off against plaintiff's cause of action, nor make such debts the subject of a cross bill or counterclaim. (2)

EQUITABLE DEFENSES. While equitable defenses may be interposed against an action for the recovery of specific personal property, an allegation that the plaintiff is indebted to defendant on long and complicated accounts, that defendant is liable for part of the price of the property, that defendant put money into the same, that plaintiff is insolvent and has made a fraudulent confession of judgment, presents no such defense, and a motion to transfer to the equity side on account of such alleged defense should be overruled. (3)

WAIVER OF RULING, WHAT IS NOT. Where plaintiff's motion to strike counterclaim and his objections to a transfer to the equity side are .overruled and an order made to try the case on depositions and documentary evidence, a subsequent agreement of counsel that such order be vacated and trial had on oral or written evidence as either party may desire, does not, waive plaintiff's exception to said ruling. (4)

*Appeal from Lucas District Court.*—HON. CHARLES D. LEGGETT, Judge.

SATURDAY, JANUARY 27, 1894.

ACTION for the recovery of specific personal property, of which plaintiff claims right of possession as absolute owner thereof. Defendant answered, denying that plaintiff was owner, or entitled to possession, of any part of the property in question, and alleging that she is the absolute owner, and entitled to retain posses-

sion thereof. She also alleges, by way of cross bill or counterclaim, grounds for equitable relief, and on her motion the case was transferred to the equity docket, and tried as an equity case. Decree was entered against the plaintiff, from which he appeals.—*Reversed.*

*Mitchell & Penick* for appellant.

*Stuart & Bartholomew* for appellees.

GIVEN, J.—I. Appellant's first contention is that the court erred in overruling his motion to strike that part of appellee's answer set up as a cross bill or counterclaim, and in sustaining appellee's motion to transfer the case to the equity docket. The following is a sufficient statement of the pleadings and proceedings for an understanding of these questions: Plaintiff commenced this action at law for the recovery of specific personal property, namely, a certain retail stock of merchandise in a store kept by him in Chariton, a safe used in said store, and certain promissory notes and books of account pertaining to said mercantile business; also, a carriage, cart and phaeton. He alleges, as the fact constituting his right to the present possession of said property, that he is the full and absolute owner thereof; that up to August 29, 1889, he was in sole possession of said property, on which day the defendant wrongfully took possession, and has ever since retained the same. In an amendment, plaintiff alleged, in substance, that he purchased the original and all additions to said stock of merchandise with his own money, and carried on business therewith; that said notes and book accounts were for merchandise sold; and that he purchased the other articles mentioned with his own money. He also alleged that he and defendant were husband and wife, that she, having property, had credit on account thereof; that he had no credit, and that defendant being indebted to

him in the sum of two thousand dollars, which she
could not then pay, it was agreed that said mercantile
business should be conducted in the defendant's name;
and that it was so conducted by plaintiff till August 29,
1889, when defendant wrongfully took possession of
said property.    The defendant filed her answer, in the
first nine paragraphs of which she joins issue as to the
alleged ownership and right to immediate possession,
and alleges that she is the absolute owner of said
property, and entitled to retain possession of the same.
Following these paragraphs, the defendant sets up "as
her cross bill or counterclaim," at great length, numer-
ous business transactions between her and her husband
from the time of their marriage, in 1873, to August 1,
1889.    She alleges that in 1873 and 1874 she loaned
plaintiff money at different times, taking his notes
therefor, five of which are set out, and that plaintiff,
without her knowledge or consent, has taken posses-
sion of the others; that there is two thousand, five
hundred dollars due to her on said loans; that plaintiff
is insolvent; and asks that said sum "be allowed her
as an equitable set-off or counterclaim against any sum
which might be found due the plaintiff in this case."
She also alleges that plaintiff, as her agent, came into
possession of one thousand, five hundred and eighty-
two dollars derived from a dairy business carried on by
her, one thousand, three hundred dollars realized
from the sale of her dairy stock, three hundred dollars
or more per year as rent for her farm since 1880, and
large amounts from her father's estate.    Concerning
said stock of merchandise and mercantile business, the
defendant alleges that she purchased the original stock
for one thousand, seven hundred dollars; that all addi-
tions were purchased in her name, and on her credit,
and that the plaintiff conducted the business in
her name as her agent; that plaintiff attempted to
keep an account between them as to all the business in

which defendant was engaged; and that the trial of
this case will necessarily involve a careful examination
of each and all of these books of accounts, "which will
require a long time and great labor, and the services of
a careful accountant." After alleging a number of
matters which enter into an accounting, defendant
states that plaintiff, as agent, received sums of money
from Mrs. Bramer, Mrs. Horskins, and Mrs. Meek to
invest for them; that he deposited said moneys in
bank in defendant's name, with her own money, and
drew checks in defendant's name against the account
for his own and defendant's use. Defendant also
alleges that said merchandise is only worth three thou-
sand dollars; that she is liable for debts growing out of
said business to the sum of four thousand, five hundred
and eighty dollars and forty-seven cents; that plaintiff
is insolvent; and that he has confessed a judgment in
favor of his mother, to whom he was not indebted,
with the fraudulent intent of enabling his mother to
seize the property in dispute if it is restored to plaintiff,
wherefore defendant says it would be inequitable and
unjust to turn over said property to the plaintiff.
Defendant asks that plaintiff's petition be dismissed;
that she be confirmed in the title to said property, or,
in case anything is found due the plaintiff, that the
two thousand, five hundred dollars due defendant
on said notes be deducted as counterclaim; that in case
the court finds that the plaintiff is the owner of the
property, the amount unpaid thereon be ascertained,
also the amount of defendant's money that has been
used in said business which has not been returned to
her; and that a decree be entered, declaring all such
sums an equitable lien on said property in favor of the
parties holding the same; and that a receiver be
appointed. With this answer, defendant filed a motion
to transfer to equity, upon the grounds that the issues
involve the examination of voluminous accounts extend-

ing over twenty years, that complete relief can not be granted at law, and that the facts stated show that a receiver should be appointed. To this motion, plaintiff filed objections, and also filed his motion to strike all but said first nine paragraphs of the answer. Plaintiff's motion to strike was overruled, and defendant's motion to transfer the case to equity was sustained, to both of which rulings the plaintiff, at the time, excepted. The order transferring the case is as follows: "The court finds and holds that the issue of ownership of the personal property in question, as raised by defendant's answer or cross bill, should be, and is, sent to the equity docket for trial, and to investigate the state of the accounts between the parties, so far as to ascertain whose money or means purchased the said property, and for the discovery of evidence that will elucidate that question, and also for the purpose of ascertaining the amount of indebtedness or liability, if any, of either of the parties to third persons, for or on account of said property."

II. Plaintiff's first contention is that the court erred in overruling his motion to strike that part of the answer setting up "a cross bill or counterclaim," and in sustaining defendant's motion to transfer to equity. The cause of action stated in the petition is to recover specific personal property, as provided in section 3225 of the Code. The issues joined by the first nine paragraphs of the answer are as to ownership and right of possession, and are exclusively law issues. Section 3226 of the Code provides that such actions "shall be by ordinary proceedings, but there shall be no joinder of any cause of action not of the same kind, nor shall there be allowed any counterclaim." A counterclaim is defined in section 2659 of the Code as follows: "*First*, when the action is founded on contract, a cause of action also arising on contract, or ascertained by the decision of a court; or, *second*, a cause of action in favor

of the defendants, or some of them against the plaintiffs, or some of them, arising out of the contracts or transactions set forth in the petition, or connected with the subject of the action; or, *third*, any new matter constituting a cause of action in favor of the defendant, or all of the defendants, if more than one, against the plaintiffs, or all of the plaintiffs, if more than one, and which the defendant, or defendants, might have brought when suit was commenced, or which was then held, either matured or not, if matured when so pleaded." It is certainly clear that the part of the answer sought to be stricken out does set up several counterclaims. The claim for two thousand, five hundred dollars, for one thousand, five hundred and eighty-two dollars, for one thousand, three hundred dollars, and for farm rents and money received from the estate are counterclaims. Section 3245 of the Code provides that in actions for the recovery of real property "there shall be no joinder and counterclaim therein, except of like proceedings and as provided in this chapter." In *Rosierz v. Van Dam*, 16 Iowa, 177, it was held that equitable defenses may be interposed in a proceeding at law to recover the possession of land. See, also, *Van Orman v. Spafford, Id.* 187, and *Kramer v. Conger, Id.* 434. The provisions of the Code as to the recovery of real and personal property are substantially the same in respect to the question under consideration, and are similar to like provisions in the Revision. There is no conflict between subdivision 6, of section 2655, that allows any defense, legal or equitable, and sections 3226 and 3245, that forbid the allowance of counterclaims in actions to recover property. The one permits anything that is defensive to plaintiff's cause of action; the other excludes counterclaims because they are not defensive to plaintiff's cause of action, but a new and different cause of action. *Muir v. Miller*, 82 Iowa, 700, 47 N. W. Rep. 1011, and 48 N. W. Rep. 1032, was an action to recover specific

personal property, in which defendant answered, and set up a cross petition asking relief similar, in some respects, to what is set up and asked in this case. A demurrer was held to be properly sustained to the cross petition, because the relief sought was in the nature of a counterclaim. While we are of the opinion that equitable defenses may be pleaded in an action for the recovery of personal property, and, when pleaded, may be tried as provided in section 2517 of the Code, our conclusion is that the matters set up in this cross bill are counterclaims that can not be allowed in this action, and therefore the motion to strike should have been sustained.

III.   We next inquire whether the court erred in transferring the case to equity. We have seen that equitable defenses may be pleaded in actions for the recovery of real property, under authority of said subdivision 6, of section 2655. We see no reason why the same rule should not apply to actions for the recovery of personal property. Said subdivision is as follows: "The defendant may set forth in his answer as many causes of defense, counterclaim, whether legal or equitable, as he may have." The cause of action alleged by the plaintiff is the right to the immediate possession of the property described at the time the action was commenced, by virtue of being then the absolute owner thereof. His right to recover possession rested upon whether he was then the absolute owner, and could not be strengthened or defeated by any changes that subsequently occurred as to the ownership. *Beroud v. Lyons*, 85 Iowa, 482, 52 N. W. Rep. 486; *Muir v. Miller, supra.* The answer of defendant that she was then entitled to possession by virtue of being absolute owner was clearly defensive to the cause of action, but the alleged indebtedness of plaintiff to defendant was not. If plaintiff was entitled to possession, it was no defense that he was indebted to defendant. To so hold would permit

a creditor to forcibly seize the property of a debtor without process, and to plead the indebtedness as a defense to an action to recover it back. The question of indebtedness is not a defense in this action, whether the accounts are few and plain, or many and complicated. The only remaining allegation in the answer that can be claimed to present an equitable defense is that part alleging defendant's indebtedness for merchandise, the claims of the three ladies named, the claim of defendant for money put into the mercantile business, and the insolvency of plaintiff, and his fraudulent purpose in confessing judgment in favor of his mother. If, at the commencement of this action, plaintiff was the absolute owner of the property and entitled to possession thereof, the matters alleged did not justify defendant in taking and detaining the property without legal process. Such facts are no defense to plaintiff's cause of action. Each party claims the right to possession by virtue of absolute ownership. The controlling question is, who owned the property. And this depends upon whether the mercantile business was carried on under an agreement as alleged by the plaintiff, and the goods paid for by him, or as claimed by the defendant. This question of ownership involves the inquiry as to which party paid for the goods, but that does not necessitate an accounting. If plaintiff purchased, as he claims, then the property was absolutely his; and if the defendant purchased, as she claims, the goods are hers regardless of the state of the accounts or the rights of other persons. We think the equitable matters set up in the answer are no defense to plaintiff's cause of action, and therefore the motion to strike should have been sustained, the motion to transfer overruled, and the case tried at law upon the issues joined by the first nine paragraphs of the answer.

IV. After the case was transferred, counsel stipulated as follows: "It is hereby agreed that the order

in the above cause that the same shall be tried on depositions and documentary evidence shall be set aside, and the cause shall be tried at the January term, 1889, of the above court, in open court, as an equity cause, before Judge LEGGETT or Judge TRAVERSE, on written and oral evidence, as either party may desire." It is contended that, by this agreement, plaintiff waived his exceptions to the rulings on said motions. Clearly, he waived nothing as to his motion to strike, and, as to the other, the case was already transferred, against his objection; and, being thus in equity, he consented that the order to try on depositions and documentary evidence be set aside, and that the case be tried on written or oral evidence, as either party might desire. This was certainly not intended as a waiver of the exceptions. It follows, from the conclusions announced, that the decree of the district court must be REVERSED.