F. A. V. INGERSOLL *et al.* v. WOODLEY HAYWARD,
Appellant.

Law and Equity: Practice. An action for possession, both parties claiming title in fee, and defendant title by prescription, should be tried at law.

WAIVER. Error in transferring such an action to equity is not waived because defendant thereafter asks to have it tried on depositions.

Practice in Supreme Court. Where an assignment of errors is not filed with the abstract, but long before trial term and after opening argument by appellee, there being a showing for the delay, the assignment will not be stricken, but appellant pays costs of said argument.

SAME. Where opening argument is made by appellee because no assignment of errors is filed, it will not be stricken because an argument subsequently filed entitled appellant to the opening.

*Appeal from Boone District Court.*—HON. J. L. STEVENS,
Judge.

MONDAY, OCTOBER 15, 1894.

ACTION of right to recover the possession of lot number 17, block number 91, in the city of Boone. On motion of the plaintiffs the cause was transferred to the equity side of the calendar, and tried to the court. Decree for plaintiffs, and defendant appeals.—*Reversed.*

*J. C. Cook* and *E. S. Penfield* for appellant.

*R. F. Jordon* for appellees.

DEEMER, J.—The appeal of this case was perfected on the tenth day of February, 1893, and the abstract filed

May 2. An amended abstract by appellees was filed September 16, accompanied by appellees' opening argument.

January 16, 1894, appellant filed an assignment of errors; and, at the same time, appellant filed a motion to strike appellees' opening argument from the files on the ground that by the filing of the assignment of errors the burden was cast upon him, and he was entitled to the opening argument. On the eighteenth day of January, appellees filed a motion to strike the assignment of errors from the files on the grounds that it was not filed with the abstract, was filed too late, and without permission of the court. The case was appealed to the January, 1894, term of this court; but on motion of appellant it was continued until the May term, in order that he might file an argument in support of his assignment of errors. The case has now been fully argued upon the assignment of errors and is submitted with the motions for our determination. As an excuse for not filing the assignment of errors, with the abstract, the appellant showed that he employed, as sole counsel to conduct his appeal herein, E. L. Green, of Boone county, who prepared the abstract in the case; that, shortly after his employment, Green's wife sickened and died, and a short time thereafter, and on the twenty-eighth of August, 1893, Green himself died. Thereafter, and on December 20, 1893, appellant retained E. S. Penfield to look after the case, and directed Penfield to procure the services of J. C. Cook, Esq. Upon an examination of the records by Penfield and Cook, they found no assignment of errors; and they immediately prepared the one which is now on file, and served it upon counsel for appellee January 13, 1894. It is also shown that, when Green prepared the abstract, something was said about an assignment of errors, but why it was omitted from the abstract is not shown, unless it can be inferred to be from the trouble that Green was laboring under because of the sickness and death of his wife.

Rule 51 of the rules of practice provides that the assignment of errors shall be served at the time the abstract is served, and that "if served, or filed later than herein provided, the assignment may, on motion, be stricken from the files, but the court, in its discretion, may waive the failure; but not without the imposition of terms, if it appears that the appellee has been subjected to any inconvenience by the failure." By reason of the continuance of the case at the January term, to which it was appealed, the May term became the trial term. *Brown v. Rose,* 55 Iowa, 734, 7 N. W. Rep. 133. The assignment of errors was filed long before the May term, and appellees had filed an argument on the assignment of errors in ample time for the submission of the case at the May term. The only inconvenience to which appellees have been put is the expense of preparing their opening argument on the merits of the case. We think, in view of the showing made, that the motion to strike the assignment of errors should be overruled, but appellant should pay the cost of preparing appellees' opening argument. Appellant's motion to strike appellees' opening argument should be overruled. As the case stood upon the abstract, and amendment thereto, the appellees had the opening of the case, and their argument, filed before the assignment of errors was prepared and served, ought not to be stricken.

II.   The petition in the case was in the usual form of such papers in actions to recover the possession of real property, alleging that plaintiffs were the absolute owners and entitled to the possession of the premises, and that defendant wrongfully kept them out of the possession thereof. It was accompanied by an abstract of title showing the fee to be in the plaintiffs. The prayer was: "Wherefore, plaintiff demands judgment for the possession of said real property and for costs." In answer, defendant denied that plaintiffs were the owners of said property, or that they

were entitled to the immediate possession thereof.   He further averred that he was the absolute and unqualified owner of the premises; that he purchased the same on or about December 15, 1875, from one D. B. Knight, who was the husband of one of plaintiffs; that he immediately went into the possession of the premises, under his contract of purchase, and has remained in the actual, notorious, and adverse possession ever since. And he asked that plaintiffs' petition be dismissed, and that he have judgment for costs.   The reply of plaintiffs admits that defendant is in the possession of the premises, and denies each and every affirmative allegation of the answer.   Upon the issues thus made, the plaintiffs moved to transfer the case from the law to the equity side of the calendar.   This motion was sustained, against defendant's objection, and exception taken, and the ruling is assigned as error. The answer was in effect a plea of the statute of limitations, or of title by prescription, obtained by adverse possession of the premises for more than ten years under a claim of right.   Such a defense is purely legal, and would have been good at common law to an action of ejectment.   The court was in error in ordering a transfer to the equity side of the calendar, and in trying the case as an equity cause; and the defendant was deprived of his right to a trial by jury, which the law guarantees to him.   After the order of transfer was made, defendant filed a motion asking the court "to order the cause set down to be tried and heard on depositions of the witnesses of the parties." This motion was sustained, and the case ordered tried on depositions and documentary evidence.   It is insisted that by making this motion appellant waived the error of the court in ordering the case transferred to equity. We have had occasion to consider this question recently, in the case of *Palmer v. Palmer*, 90 Iowa, 17, 57 N. W. Rep. 645; and we there held that an agreement, made

after an order of transfer, to try the case as in equity, did not waive the error of the court in sending the case to the equity side of the docket. Following that case, we must hold there was no waiver.

Other errors are discussed by counsel, but as the case must be reversed on the ground above stated, and as the questions presented will not arise upon another trial, we must decline to discuss them. The judgment and decree of the district court are REVERSED.