**Raymond R. STONER,**
**Plaintiff-Appellant,**

v.

**Abe VERHEY d/b/a Galesburg Body**
**Shop, Defendant-Appellee.**

**No. 2–68764.**

Court of Appeals of Iowa.

May 31, 1983.

Patrick J. Life, Oskaloosa, for plaintiff-appellant.

Herbert S. Selby, Newton, for defendant-appellee.

Heard by OXBERGER, C.J., and DONIELSON, SNELL, and SCHLEGEL, JJ.

SNELL, Judge.

Plaintiff appeals from trial court's adverse judgment in his replevin action to recover possession of an automobile serviced by defendant. Plaintiff claims that the trial court erred in overruling plaintiff's motion to dismiss defendant's counterclaim seeking damages for the work performed on the automobile and establishment of his artisan's lien with the proceeds to apply to the judgment. Plaintiff also claims that the trial court erred in entering judgment for defendant in an amount in excess of that agreed upon between the parties.

In September 1980, the plaintiff, Raymond Stoner, asked the defendant, Abe Verhey, to examine a 1965 Mustang which he was interested in restoring. Verhey gave Stoner a written estimate in the amount of $1172 for restoration of the automobile, with the understanding that parts would be furnished by Stoner. It was understood that the restoration was to be completed no later than April 1, 1981. Stoner visited the shop from time to time, and requested additional work. On April 4, 1981, Verhey told Stoner that the work was being completed the following day. On April 5, Stoner examined the car, and later told Verhey that it was not acceptable as it was. When he returned to pick up the car, he was presented with a bill for $1842.98, which he refused to pay. Subsequently, a more detailed statement was presented to Stoner for $2683.56. This statement represented the work originally called for in the estimate, additional work, and storage charges.

On August 26, 1981, Stoner filed a petition for replevin, asserting that Verhey wrongfully retained possession of the car based upon a lien for work performed and seeking a judgment for possession of the car or for its value and for damages. Verhey responded with an answer and counterclaim, demanding judgment against Stoner for $2683.56 plus a continuing storage charge. Verhey also requested that an artisan's lien be established, and that the court authorize foreclosure of that lien.

Stoner moved for dismissal of the counterclaim, asserting that it violated Iowa Code section 643.2 (1981), which prohibits the joinder of any cause of action "not of the same kind" and any counterclaim in a replevin action. Verhey responded by arguing that the counterclaim was a "necessary

assertion to frame the issues that must be resolved in this action in order to adjudicate the conflicting claims of the parties" concerning possession of the car, and that his contentions concerning the amounts to which he was entitled for his work on the car were integral to establishment of the artisan's lien and determination of the proper amount of bond which Stoner was required to post in order to gain possession of the car under chapter 584 of the Code. Stoner's motion to dismiss was overruled.

The trial court found that $1842.98 constituted fair and reasonable charges for work and material performed by Verhey, that Verhey's artisan's lien was established and foreclosed and that it was subject to enforcement as provided in the Code. Stoner was given thirty days in which to pay the amount of the judgment plus one-half of the court costs, at which time Verhey would be required to return the vehicle to him.

This case raises an issue of first impression: whether the defendant in a replevin action can assert a counterclaim based on an artisan's lien on the property sought to be repossessed. Iowa Code section 643.2 unequivocally prohibits the joinder of any cause of action not of the same kind, or of any counterclaim, in a replevin action. The Iowa Supreme Court has previously interpreted this section and its predecessors. In *Marx Truck Line Inc. v. Fredricksen,* 260 Iowa 540, 150 N.W.2d 102 (1967), the court stated that section 643.2 "and other sections of chapter 643 clearly limit replevin actions to right of possession and the determination of value of property wrongfully withheld." *Id.* at 548, 150 N.W.2d at 107. In *Palmer v. Palmer,* 90 Iowa 17, 57 N.W. 645 (1894), the petition stated a cause of action to recover specific personal property, and a code provision parallel to section 643.2 was in effect. The defendant answered, denying that plaintiff was entitled to possession of the property, and counterclaimed grounds for equitable relief. *Id.* at 17–18, 57 N.W. at 646. Following a discourse on the definitions of counterclaim the court concluded that the section prohibiting counterclaims in replevin actions applied, thus precluding the defendant from raising the matters in his cross-bill or counterclaim. The court stated:

There is no conflict between subdivision 6, of section 2655, that allows any defense, legal or equitable, and sections 3226 and 3245, that forbid the allowance of counterclaims in actions to recover property. The one permits anything that is defensive to plaintiff's cause of action; the other excludes counterclaims because they are not defensive to plaintiff's cause of action, but a new and different cause of action. . . .

While we are of the opinion that equitable defenses may be pleaded in an action for the recovery of personal property, and, when pleaded, may be tried as provided in section 2517 of the Code, our conclusion is that the matters set up in this cross bill are counterclaims that can not be allowed in this action, and therefore the motion to strike should have been sustained.

*Id.* at 22–23, 57 N.W. at 647.

The supreme court has stated, in *Iowa Truck Center, Inc. v. Davis,* 204 N.W.2d 630, 631 (Iowa 1973), that the holder of an artisan's lien has an immediate possessory right which is sufficient to sustain a replevin action. But where replevin of the personalty is sought from defendant, his assertion of an artisan's lien is a matter of defensive answer rather than of counterclaim. We conclude that the trial court erred in considering Verhey's counterclaim, which is specifically prohibited by section 643.2. The issue of possession by virtue of the artisan's lien, however, was appropriately raised and tried in the replevin action. *See Haack v. Rodenbour,* 234 Iowa 368, 374, 12 N.W.2d 861, 864 (defendant was entitled to retain possession of property until his damages were settled). We reverse that portion of the trial court's decision which pertains to the counterclaim. In doing so we note that Verhey is not thereby foreclosed from seeking such other legal remedies as may be appropriate.

REVERSED.