HAMILTON v. THE IOWA CITY NATIONAL BANK ET AL.

Replevin: BURDEN OF PROOF. In an action of replevin the burden of proof is upon the plaintiff to show title in himself. He cannot recover because of any weakness or defect in the title of defendant.

*Appeal from Johnson District Court.*

FRIDAY, MARCH 19.

THIS is an action of replevin for a promissory note for $250.00, executed October 4th, 1872, by Joseph and Christian Shettler, payable one year after date to the order of Ezra Hamilton.

The petition alleges that plaintiff is the owner of the note, and that the alleged cause of detention is that the Iowa City National Bank received it for collection on account of John Wilde.

The answer alleges that the note is the property of Wilde, and that he is entitled to the possession thereof. The evidence showed that Cornelius Hamilton, plaintiff's brother, passed the note to Joseph Butterbaugh, in exchange for an interest in a stock of goods, and that the father of Joseph Butterbaugh turned the note over to John Wilde in payment for the goods, which were originally purchased from Wilde. Upon the evidence the court found the following facts:

1. That the note replevined was at the time when taken and sold, the property of Cornelius Hamilton.

2. That the transfer thereof by Cornelius Hamilton was valid, and transferred the title and property therein to Butterbaugh.

3. That the defendant Wilde is the owner thereof, and entitled to recover.

Judgment was rendered for defendants for the amount of the note and interest. Plaintiff appeals.

*Clark & Haddock,* for appellant.

*Boal & Jackson,* for appellee.

DAY, J.—The finding of a court upon questions of fact stands as the verdict of a jury, and will not be disturbed unless clearly unsupported by the testimony. The findings of the court, however, in this case we think are fairly sustained by a preponderance of the testimony.

It is in evidence that Ezra Hamilton admitted upon various occasions, that the note in question was executed for borrowed money which belonged to Cornelius, and that the note was taken in the name of Ezra, because Cornelius was a minor. It further appears that the note was handed to Cornelius in February or March, to procure money on it for his own use, if the maker was ready to pay, and that it remained in his possession until it was traded off, about the last of July. In addition to this Ezra, when he learned that the note was traded for goods, did not assert any ownership in himself, but wanted the goods taken back because Cornelius knew nothing about such things.

And it does not appear that he ever assigned any reason for replevying the note other than that it was executed to him, and that he had never indorsed it. His whole conduct it seems to us was inconsistent with his present claim of ownership.

Cornelius testifies that the trade for the goods was not completed, but in this he is contradicted by Joseph Butterbaugh, and the circumstances are against him. In this action the burden of proof is upon the plaintiff, and he must recover solely upon the strength of his own title, and not upon the

weakness of that of his opponent. We deem it unnecessary to refer in further detail to the testimony. It fairly sustains, as we think, the finding of the court upon all the material facts in the case.

AFFIRMED.