LITCHFIELD v. HALLIGAN.

1. **Pleading:** REPLEVIN. In an action of replevin an allegation by the defendant that he purchased the property in controversy of a third party is a sufficient denial of plaintiff's allegation of ownership.

*Appeal from Webster Circuit Court.*

TUESDAY, APRIL 16.

THIS is an action of replevin for seven hundred and forty new oak fence posts, of which plaintiff alleges he is the absolute and unqualified owner, and which, he avers, the defendant wrongfully detains from plaintiff, the alleged cause of detention being that defendant cut the posts on section 1, township 88, range 29, the premises of plaintiff. Plaintiff alleges that the posts are of the value of ten cents each, and that he has sustained damage by the wrongful detention, in the sum of one hundred dollars.

A writ of replevin was issued to the sheriff of Webster county, under which he levied upon, and took from the possession of the defendant, three hundred and ninety-six posts. The defendant, for answer, avers that about the month of February, 1876, the defendant purchased the posts in question from Catherine Kelly, who was then, as the defendant is informed, and so believes, the owner thereof, and as the defendant is informed and so believes, he is the owner of said property absolutely and unqualifiedly. For a second and further defense, the defendant avers: That said posts were cut near the line of sections 1 and 2, in township 88, range 29, Webster county, Iowa, and the said Catherine Kelly, and those under whom she claims, have been in the continuous, open, visible, uninterrupted and peaceable possession of the tract of land on which said posts were cut, more than ten years before this suit was commenced, and more

Litchfield v. Halligan.

than ten years before the posts were cut, and more than ten years before the defendant purchased said posts; that on or about the 9th of February, 1876, the defendant, for a valuable consideration, by a contract not in writing, purchased said posts of said Catherine Kelly; that, by the wrongful suing out of said writ of replevin, and the taking and detention of said property thereunder, the defendant has been deprived of the use of said property, taken under said writ, to-wit: Three hundred and eighty-four posts, the value of which use was and is five dollars per month; said posts were and are of the value of fifteen cents each. The defendant asks judgment for the return of the property, or its value, and for damages for wrongful detention.

The cause was tried by a jury, and a verdict was returned for defendant for three hundred and eighty-four posts of the value of $48.96. The plaintiff's motion for new trial was overruled, and judgment was rendered for the defendant.

The plaintiff appeals.

*Theodore Hawley,* for appellant.

*O'Connell & Springer,* for appellee.

DAY, J.—I. The court instructed the jury as follows: "The plaintiff claims three hundred and eighty-four posts, which he avers the defendant cut upon his premises described as section 1, township 88, range 29, in this county. The real question in dispute is, whether the posts claimed in this action in plaintiff's petition were cut by the defendant upon the plaintiff's land above described. If they were, your verdict will be for the plaintiff, if not, for the defendant; and it is incumbent upon the plaintiff to establish the proposition— that is, that they were cut, by a preponderance of the evidence." *First,* it is urged that the court erred in instructing the jury that it was incumbent upon plaintiff to prove that the posts in question were cut upon his land. It is claimed that none of the

1. PLEADING: replevin.

allegations of plaintiff's petition were denied, and that upon the pleadings plaintiff was entitled to judgment. The plaintiff did not, by demurrer, raise the sufficiency of the answer, nor did he ask the court to direct the jury to return a verdict for plaintiff upon the pleadings. On the contrary, plaintiff treated the answer as sufficient, assumed the burden of proof, and introduced testimony tending to prove plaintiff's ownership of the land described in the petition, and that the posts. were cut upon it. The instruction seems to recognize the fact that plaintiff's ownership of the land described is not denied, and to require proof that the posts were cut on this land. The answer in substance alleged that the posts were purchased of Catherine Kelly, who was the owner thereof, as defendant believes. This is equivalent to a denial that plaintiff was the owner of them, and cast upon plaintiff the burden of proving his ownership, which he might do by proving that they were cut upon the land described, his ownership of the land not being denied. *Second,* it is further claimed that the court erred in this instruction in limiting the plaintiff's recovery to three hundred and eighty-four posts. The court told the jury that plaintiff claimed three hundred and eighty-four posts, whilst in the petition plaintiff claimed seven hundred and forty posts. But, as the jury, under the evidence, found that the plaintiff was not entitled to any posts, this error in the instruction worked him no prejudice.

II. The court further instructed as follows: "If some of the posts were cut upon the premises here described, and some were not, the plaintiff will have a verdict for those which were cut there, and the defendant will have a verdict for the remainder. If none of them were cut upon the plaintiff's land, the defendant will have a verdict for the whole, and if the defendant recovers, his allowance will be for so many posts as he is entitled to at their value, and interest at six per cent from the time they were taken on the writ." It is claimed that no evidence was introduced justifying the giving of this instruction. The abstract shows conclusively

that it does not contain all the testimony. The defendant introduced in evidence a plat of township 88, range 29. The plaintiff objected and excepted to the introduction of this plat. In rebuttal plaintiff introduced the plat book and transfer book, and undertook to explain a discrepancy which existed between the two plats. Neither of these plats is in the abstract. We cannot regard the plat introduced by defendant as having established nothing, since plaintiff excepted to its introduction, and deemed it necessary to offer rebutting evidence. It seems that the posts were cut near the line between sections one and two. It may be that these plats rendered the exact location of the line between these sections so uncertain that it was made doubtful whether the posts were cut on the plaintiff's land. As we have not before us an item of evidence evidently deemed material by the parties, we cannot say that there was no evidence to which this instruction is pertinent.

III. For the reason above considered, we cannot say that the verdict is not supported by the evidence. This disposition of the case renders a consideration of appellee's motion to dismiss the appeal unnecessary. The record does not affirmatively show any prejudicial error.

AFFIRMED.