C. F. HILLMAN v. C. S. BRIGHAM, W. C. DAVENPORT, Sheriff, Appellant, *et al.*

**Landlord's Attachment; PLEADING:** *Fraud in Sale.* In replevin for property taken under landlord's attachment, an allegation that a pretended sale by a tenant was fraudulent, and to enable him to remove his property without paying the rent, is irrevelant, the landlord's lien affecting only non exempt property; since, if the property was sold subject to the lien, no sale, fraudulent or otherwise, would devest the lien, and if it was exempt, and the tenant forfeited his exemption by attempting to leave the state, the landlord's remedy was by ordinary attachment.

*Appeal from Woodbury District Court.*—HON. WILLIAM HUTCHINSON, Judge.

WEDNESDAY, JANUARY 17, 1900.

ACTION in replevin to recover certain household goods. Plaintiff claims to have acquired title by purchase from one Boltz. Judgment was rendered in plaintiff's favor, and defendants appeal.—*Reversed.*

*Martin Neilan* for appellants.

No appearance for appellee.

WATERMAN, J.—The facts are that Boltz was a tenant of defendant Brigham, holding premises under a written lease; Brigham having a lien for rent on all property, not exempt from execution, which was kept, had, or used on the demised premises. The property in question was kept thereon. The rent was in arrears, and, Boltz attempting to remove from the state, a landlord's writ of attachment was issued, and the property seized by defendant Davenport, who is sheriff. The present action was then brought, plaintiff alleging that the property was exempt from execution, and that he purchased the same from Boltz prior to the levy of the writ. The answer consists, in part, of a general denial. Then follows an allegation that Boltz had started to remove from the state, and that the pretended sale to plaintiff was fraudulent, and made for the purpose of enabling Boltz to remove his property without paying the rent. On motion, the court struck from the petition the allegation of fraud. This ruling was correct. If the property was subject to the lien, the sale, though made in good faith, would not devest it; if the property was exempt, no lien ever attached, and Brigham could acquire no rights under a writ of landlord's attachment, even though no sale had been made. *Redfield v. Stocker,* 91 Iowa, 383. If the property was not subject to a lien under the lease, but became answerable for Boltz's debts by reason of the fact that he was about to leave the state, and thus forfeit his right to claim exemption, the landlord's remedy was by ordinary attachment. He is entitled to a landlord's writ only to enforce a lien created by the tenancy.

II. After the motion to strike was sustained, defendants elected to stand on their answer, and the court ordered judgment for plaintiff on the pleadings. In this we think there was error. The fact as to this property being exempt was put in issue by defendants' general denial. The burden was upon plaintiff. He had to recover, if at all, on the strength of his own title. *Hamilton v. Bank,*

40 Iowa, 307. While the schedule which is attached to the petition, and which is admitted by the answer, shows that the property in great part was of such kind as that it might have been exempt, it does not follow that it was so in fact. Some proof on plaintiff's part should have been required. As to one item of the schedule, it appears affirmatively there was no right of exemption. It is shown that two bicycles were included. If a bicycle is a "vehicle," within the meaning of that word as it is used in the exemption law, but one of them would be protected, in any event, from plaintiff's claim. The denial in the answer presented an issue upon which proof should have been required from plaintiff. For the error in entering judgment on the pleadings, the case must be REVERSED.

GRANGER, C. J., not sitting.