REMINGTON TYPEWRITER COMPANY, Appellee, v. E. G.
    McARTHUR, Sheriff, and JOHN E. MAHAN, Appellants,
    and MARGARET L. DITTOE, Appellee.

**Attachment:**  INTERVENTION BY LANDLORD: PRIORITY OF LIENS.  A mere
    landlord's lien does not give the landlord the right to posses-
    sion of property as against either the tenant or one claiming
    through him, and the landlord has no preference over other
    creditors; he simply has a lien upon the property which may be
    enforced by appropriate proceedings, and prior to having estab-
    lished his right to possession under appropriate proceedings he
    can not maintain replevin against another attachment creditor,
    although seizure under the attachment will not deprive him of
    his lien on the property.

*Appeal from Scott District Court.*—HON. A. J. HOUSE,
                    Judge.

FRIDAY, DECEMBER 17, 1909.

ACTION of replevin begun before a justice of the peace
to recover possession of a typewriter alleged to be held by
the sheriff under writ of attachment in favor of the defend-
ant Mahan against the International Bird Company.  In
this action Mrs. Dittoe intervened, claiming the typewriter
by virtue of a landlord's lien.  There was a judgment for
the intervener, which judgment was affirmed on appeal to
the district court, and from said judgment defendants ap-
peal to this court.  The plaintiff abandons its claim to the
property, and the controversy here is between the defend-
ants and the intervener.—*Reversed.*

*E. M. Sharon,* for appellants.

*Walter Peterson,* for appellee.

Weaver, J.—The cause was tried in the district court on the following agreed statement of facts:

Plaintiff delivered its typewriter to the International Bird Company, on condition that monthly payments be made, and that when such payments equaled price of machine typewriter to be property of Bird Company, title meantime to remain in plaintiff. Said typewriter was delivered to Bird Company under a written conditional sale contract, and said contract was not recorded, nor did the intervener or the defendants have notice, either actual or constructive, of any condition upon which the title to said typewriter should pass to Bird Company. The defendant Mahan by virtue of an attachment issued in his suit against the International Bird Company, levied on said typewriter without notice, actual or constructive, of the condition in the sale from plaintiff, and proceeded to sell the same on execution after judgment in his (Mahan's) favor, and against the Bird Company, for a sum larger than the value of the typewriter. Before sale on May 18, 1904, plaintiff took said typewriter on a writ of replevin in this action and receipted to the constable for the same. Intervener was the landlord of the International Bird Company, and at the time of the intervention there was $210 due her as rent for the premises on which said typewriter was kept and used by the Bird Company. Said rent accrued while the typewriter was in the possession of said Bird Company. That the damage for detention of machine by plaintiff, if found not entitled to possession, shall be six percent interest on $99 from date of levy. Jury is waived by all parties.

Replevin being a possessory action, we have no occasion to pass upon the questions of title which have been elaborately argued by counsel except so far as they may affect the right of possession of the typewriter at the inception of the controversy. Both the intervener and the defendants claim through or under the International Bird Company. The defendants obtained prior actual possession under a writ of attachment against such company, after which plaintiff intervened, asserting a superior right, and

the burden was upon her to establish it. This she undertook to do by showing that the Bird Company occupied her building under a lease, and during such occupancy kept and used said typewriter on the leased premises, thereby vesting her with a landlord's lien, which attached to said property before it was seized under the defendant's writ, and giving her a right to the possession superior to any right acquired by the defendants. This right was upheld by the trial court in the judgment appealed from. The Bird Company purchased the typewriter from the plaintiff under a contract by which the title was not to pass until the purchase price was fully paid, and counsel, in argument, have given principal attention to the effect which this conditional contract has upon the rights of the parties in this case, but we are of the opinion that this is a question upon which we need not enter. As we have already said, the intervener must recover upon the strength of her own claim rather than upon the weakness of the defendants' right.

At the very threshold of the case we have to meet the inquiry whether, conceding the existence of her landlord's lien, it gives the intervener any right to the possession of the property which can be enforced in this proceeding. Intervener was not made a party to the attachment suit, and no judgment entered therein could have operated as an adjudication of her lien, if any she had; hence the rule applied by this court in *Edwards v. Cottrell,* 43 Iowa, 194, is not a precedent in point. She came into the action of her own motion, setting up a claim to the possession of the property against both plaintiff and defendants. Her intervention was in effect a counter action in replevin, and can be maintained only on the theory that she might have maintained an independent action of that character. This we think she could not do. Her mere lien gave her no right to the possession of the property against either the tenant or any one claiming under or through the tenant.

In this state the landlord has no preference over other creditors of the tenant except as it is given him by the statute, and the statute gives him no more than a lien which can be enforced by appropriate judicial proceedings. Replevin is no part of such procedure, because the lien carries with it to the landlord no right of possession. A purchaser may buy the tenant's title to the property, or an officer may levy an attachment or execution upon it, and, while such sale or seizure will not deprive the landlord of his lien, the possession so obtained is not wrongful, and replevin will not lie in favor of the landlord. There is in *Hilman v. Bingham,* 117 Iowa, 70, a negative suggestion that such an action might be sustained after the claim for rent is due, but such was not the case there being considered or the point involved in its decision. On the contrary, the reasoning of the opinion bears out the conclusion here announced. The true rule is very clearly stated by Mc-Allister, J., in *Watt v. Scofield,* 76 Ill. 261, where he says: "The plaintiff had a lien given by statute, but it is a mere lien. The landlord had not by virtue of the lien alone and without levy of a distress warrant, a right of possession. He could not take possession of the tenant's crops at any time he chose before the rent was due, nor could he after the rent was due by virtue of the lien alone. The statute gives no such authority." See, also, *Knox v. Hellums,* 38 Ark. 413. A different question arises where the tenant has delivered possession of the property to his landlord, or where he has abandoned the possession, and the leased premises with the property of the tenant have come within the landlord's control. Under such circumstances it may well be that the landlord may legally retain such property until he can subject it to his claim by appropriate legal proceedings, but such a case is not now before us, and we do not now care to discuss it.

In the instant case the agreed statement is that the rent claimed was due at the date of the intervention, which

was some six months after the typewriter had been seized by the defendants, and it is also said that such rent accrued while the machine was in the possession of the tenant, but it is nowhere shown that it was due at the date of the levy under which the defendants claim the possession. So far as appears, intervener has never begun any proceedings to foreclose or enforce her lien as provided by statute, or to reduce her claim to judgment and reach the property by general execution, or in any other way to enforce her statutory rights as a lessor, except by her intervention in this case to assert her alleged right to demand the possession of the property on which she claims a lien. This we hold she was not entitled to, and the judgment of the district court sustaining and enforcing such claim is therefore *reversed*.