OLLIE CARR, Appellee, v. KING & TOMLINSON et al.,
Appellants.

JUSTICES OF THE PEACE: Invalid Original Notice. An original
1    notice of suit in a justice of the peace court which fixes the
return day at a time in excess of 15 days from the date thereof
is a nullity.

JUSTICES OF THE PEACE: Affidavit for Service by Publication.
2    Failure to file the statutory affidavit for service by publication
in attachment suits in justice court, and failure, necessarily, to
enter a proper order in keeping with such affidavit, are fatal to
all subsequent proceedings.

APPEAL AND ERROR: Conflicting Evidence of Ownership. A
3    finding of ownership on a fair conflict of evidence is conclusive
on the appellate court.

REPLEVIN: Liability of One Not in Possession. One who has sold
4    the property of another, and is neither in possession of it nor
colluding with the assignee as to keeping possession, cannot be
made liable in an action of replevin.

*Appeal from Perry Superior Court.*—W. W. Cardell,
Judge.

October 25, 1918.

Action in replevin resulted in judgment for the pos-
session of the property in controversy, or, in lieu thereof,
its value.  Defendant appeals.—*Reversed.*

*Nesbitt & Johnston,* for appellant.

*Dugan & Dugan,* for appellee.

Ladd, J.—The plaintiff claims to be the absolute own-
er of three pool tables and accompanying balls, cues, racks,
a card table, gas tank, ice box, and billiard pocket blocks,
and sued out a writ of replevin for the possession thereof.
The cause of detention was alleged to have been the sale
of the property upon execution, issued on judgment entered
in the justice court of Esquire Smith, without jurisdiction,
as is alleged.  The answer was a general denial.

I.  It appears from the record that execution did is-
sue, and that the property was sold thereunder to Brown,
one of the defendants in this action.  The main contro-
versy concerns the validity of the judgment
upon which the execution issued.  It seems
that King & Tomlinson were the owners of
a hall, which they leased to the Scandia
Supply Company; that it leased the billiard room to Carr;
and that Zagnalia was in charge thereof.  King & Tomlin-
son filed in the justice court their claim for $20, due for
rent from Carr and Zagnalia, February 15, 1916.  The
judgment entry of the justice recited that thereupon, he
issued an original notice to defendants, returnable July 5,
1916, and what may be construed as saying that the orig-
inal notice was served April 27th of that year; and that,
on the day fixed, judgment was entered for the amount

1. Justices of
the peace: in-
valid original
notice.

claimed, and for the sale of the property. The evidence, however, of the justice tended to show that original notice was issued returnable April 27th, but that it was not served on Carr; and that, upon the return day, it was orally remarked that service by posting the notices for 60 days would be necessary; and that he then fixed July 5th as the day for the return of service. Even if this be conceded, the docket entry, together with the evidence, fails to show that the court acquired jurisdiction over Carr. The recitals of the judgment record indicate that the time fixed in the notice was more than 15 days subsequent to the date thereof. Section 4489 of the Code requires that the notice "state the amount for which the plaintiff will take judgment if the defendant fails to appear and answer at the time and place therein fixed;" and the following section, that "the time fixed in the notice must be not less than five nor more than fifteen days from the date." The judgment, then, on its face appears to have been invalid.

Section 4582 of the Code provides that, "in actions in which an attachment is sought, if it is made to appear by affidavit that personal service cannot be had on the defendant within the state, the justice, upon the return day, unless the defendant appear, shall make an order fixing the day for the trial, not less than sixty days thereafter, and requiring notice to be given by any constable as provided in the next section." The next section reads:

2. JUSTICES OF THE PEACE: affidavit for service by publication.

"Upon such order being made, at least sixty days' notice of the pendency of such action shall be given by posting up written or printed notices in three public places in the township where the action was commenced, which shall have the effect of a service by publication in the district court, and the justice shall proceed to hear the cause upon the day specified for that purpose."

There was no showing that any affidavit, such as con-

templated in above section, was ever filed, nor that an order for publication based thereon was ever made. No reference is made to either in the justice's entry. Contrary to the contention of appellant, such an order should be in writing, and the filing of the necessary affidavit referred to therein. See *Bristol Savings Bank v. Judd,* 116 Iowa 26.

Whether, on proper procedure, a justice's entry may be corrected by inserting such an order, need not be considered. If the attached property is disposed of by this procedure without personal notice, it is important that the record shall contain enough to indicate that the statutory requirements have been pursued in sequestering the defendant's property to the payment of his debts. It is too well settled to require the citation of authority that the requirement of statutes authorizing constructive service must be strictly followed and literally complied with. The filing of the affidavit, then, was a condition precedent to "an order fixing the day for the trial," and the service of notice by publication in the manner directed. See *Priestman v. Priestman,* 103 Iowa 320. Moreover, there was no proof of the service of such notice on file with the justice, and we are satisfied from the record that the statute with reference to service of notice by posting was not pursued, and that the entry of judgment was without jurisdiction.

II. Appellant contends that the evidence failed to establish ownership in the plaintiff, Carr. The finding of the trial court, as the action was at law, has the force of a verdict of the jury; and all necessary was that the evidence should be sufficient to support such finding. Zagnalia testified that King & Tomlinson had rented the building to the Scandia Supply Company, of which W. L. Davis appears to have been manager; and that Carr rented the pool hall from the Scandia Supply Company; that he had been manager of the pool hall for

3. APPEAL AND ERROR: conflicting evidence of ownership.

four years prior to the time the property in controversy was levied upon by virtue of attachment sued out of justice court.

"Q. Do you know who owned this property? A. Yes, sir. Q. Who? (Over objection, the witness answered.) A. Ollie Carr. I know Ollie Carr owned this property because I was with him when he bought the stock, and helped him ship it up there, and was there when he put the stuff in the building. I mean by 'stuff' the same property I described awhile ago."

The witness testified further that he operated the pool hall for one half of the net profits. There was no evidence tending to show that the property had subsequently been disposed of, save a letter from Carr to defendant's attorneys, written February 26th, in which, after promising payment of different items, he added:

"In regard to selling the tables, the tables don't belong to me, and have not for over two years. So I don't know how things will come out, if you sell another party's tables to pay my debts. However, I would like to have the thing settled at once. You can 'phone to Boone, Iowa, and find out who owns the tables at Scandia, Iowa. If I could get word from my agent at Scandia, it would not take long to fix things up."

What is here said, when construed in connection with his evident anxiety to settle and pay the defendant's claim, certainly casts some doubt upon the *bona fides* of his assertions that the property did not belong to him. His ownership of the property would be presumed to continue until the contrary appears (*Sigler v. Murphy,* 107 Iowa 128); and the court might have found, from all the evidence, that plaintiff continued to be the owner of the property, and had not disposed of it.

III. It is contended, however, that the judgment against King & Tomlinson was erroneous for that they

were not in possession at the time action was begun, nor at any other time. The evidence does not warrant a finding to the contrary. In replevin, the issue is as to who was entitled to the possession of the property when the action was begun. *Campbell v. Williams,* 39 Iowa 646. One who has sold the property of another, and is neither in possession of it nor colluding with assignee as to keeping possession, cannot be made liable in an action of replevin. *Coffin v. Gephart,* 18 Iowa 256; *Woodling v. Mitchell,* 127 Iowa 262. The evidence fails to show that King & Tomlinson were or had been in possession of the property, or were concerned in the possession of Brown.

*4. REPLEVIN: liability of one not in possession.*

Some question is raised as to whether a demand was made for the possession of the property before the beginning of suit. Such a demand was made; though, as the possession was wrongful, this was unnecessary. We reach the conclusion that the judgment against Brown should be *Affirmed,* and that against King & Tomlinson and the members of that firm, *Reversed.*

PRESTON, C. J., EVANS and SALINGER, JJ., concur.