GARDNER & BUTTERS, Appellees, v. BUILDERS MATERIAL COMPANY, Appellant.

**REPLEVIN: Burden of Proof.** The mere fact that defendant in replevin introduces testimony tending to impeach plaintiff's showing of title, does not throw upon defendant the burden to prove such impeaching fact by a preponderance of the testimony, and enable plaintiff to recover in case defendant fails to so prove.

*Appeal from Cedar Rapids Superior Court.*—ATHERTON B. CLARK, Judge.

DECEMBER 21, 1920.

ACTION for the replevin of a cement mixer. Verdict and judgment for plaintiff. Defendant appeals.—*Reversed.*

*Redmond & Stewart* and *M. P. Cahill,* for appellant.

*Dawley & Jordan,* for appellee.

STEVENS, J.—Both parties claim title to the mixer by purchase from John Klepach. The transaction upon which plaintiff relies was prior to the execution of the bill of sale to defendant. Plaintiff claims that the mixer was delivered to it for trial, with the understanding that, if it proved satisfactory, it would be retained, and the purchase price, which was $135, paid by written order upon defendants.

Some time prior to the delivery of the mixer to plaintiff, the defendant became indebted to plaintiff in an amount more than sufficient to pay the order. After using the mixer for a time, plaintiff concluded to retain it, and gave Klepach an order on defendant for the agreed purchase price. Upon presentation thereof, defendant declined to accept it, upon the ground that it was not then indebted to plaintiff. It appears from the evidence that defendant was not, in fact, at the time the order was presented for acceptance, indebted to the plaintiff. Later, Klepach sold the mixer to defendant, giving it a bill of sale therefor.

Shortly thereafter, in the absence of plaintiff, defendant took possession of the mixer. Plaintiff, in its petition, alleged ownership of the property, and that same was unlawfully taken from its possession by defendant. Defendant, for answer, denied plaintiff's ownership of the mixer, and set up its bill of sale from Klepach, claiming thereunder to be the owner of the property. The defendant offered evidence tending to show that the alleged purchase, and the sale of the mixer to plaintiff, were conditional upon the acceptance and payment of the order upon defendant, and that, as acceptance thereof was declined, no title passed to plaintiff.

The court, in the third paragraph of its charge, instructed the jury that the burden was on plaintiff to prove that the transaction between it and Klepach constituted a sale of the cement mixer, and that plaintiff was the owner thereof; but added that the burden was likewise upon the defendant to establish that the transaction was a conditional sale, and that the condition was not complied with.

Counsel for appellant complain of that part of the instruction which placed the burden upon defendant of proving that the sale to plaintiff was conditional, and that the condition was not complied with. Plaintiff alleged that it was the owner of the property in controversy; and the burden rested upon it to prove this allegation of its petition, and it could not recover upon the weakness of the defendant's title. *Hamilton v. Iowa City Nat. Bank*, 40 Iowa 307; *Litchfield v. Halligan*, 48 Iowa 126.

No burden rested upon the defendant to prove that the transaction was a conditional sale. Evidence tending to negative plaintiff's title was admissible under a general denial, and the testimony offered by defendant for the purpose of showing that the transaction upon which plaintiff relied, amounted only to a conditional sale, and that title did not pass, because plaintiff failed to comply with the condition, was solely for the purpose of meeting the prima-facie case made by plaintiff. Defendant was not bound to overcome the prima-facie case made by plaintiff, but it was required only to place the evidence in equipoise, to prevail. That is, if the evidence tending to show a conditional sale placed the evidence in equipoise, then necessarily plaintiff, having failed to prove its title by a preponderance of the evi-

dence, could not recover. *Gibbs v. Farmers' & M. S. Bank,* 123 Iowa 736; *Graham v. Courtright,* 180 Iowa 394.

The instruction ignored this rule, and placed the burden · upon the defendant of proving that the transaction between Klepach and plaintiff amounted to no more than a conditional sale, and that the condition was not complied with. This was clearly erroneous. No such burden rested upon the defendant. It is true that defendant based its claim of ownership upon a bill of sale from Klepach, and denied the allegations of plaintiff's petition, thereby putting in issue its alleged ownership; but, as stated, the evidence offered upon this point was for the purpose of meeting the prima-facie case made by plaintiff.

While other questions are argued, none of them are likely to arise upon a retrial of the case, and need not be given special consideration. For the error in the instruction referred to, the judgment of the court below is—*Reversed.*

WEAVER, C. J., LADD and ARTHUR, JJ., concur.