W. L. DANIEL et al., Appellees, v. FRANK HAMMERS et al., Appellants.

**REPLEVIN:** **Right of Possession—Burden of Proof.** Plaintiff in replevin has the burden to show his right to possession at the time the writ was issued. Evidence held insufficient to meet such burden.

.Headnote 1:   34 Cyc. pp. 1501, 1508.

*Appeal from Mills District Court.*—E. B. WOODRUFF, Judge.

APRIL 7, 1925.

ACTION in replevin, to recover possession of an automobile. Jury was waived, and the case tried by the court, which found

that the plaintiff was entitled to possession of the car. Defendants and intervener appeal.—*Reversed.*

*Cook, Cook & Cook,* for appellants.

*Carl H. Otis,* for appellees.

ALBERT, J.—The plaintiffs, W. L. and H. C. Daniel, conducted a garage business at Glenwood, Iowa, and on the 23d day of December, 1922, sold a Ford runabout to one Charles Riggs for $400. Riggs gave his note therefor, and took possession of the car. He died on the 3d of March, 1923. Intervener, Nelson Delevan, was duly appointed administrator of his estate. The car in controversy was, at the death of Charles Riggs, at the home of and in the possession of one Frank Hammers, at whose home Charles Riggs lived during his lifetime.

Plaintiffs instituted this action in replevin, to recover possession of said car, and bottom their right to such possession on a claim that the ownership of the said car was not to pass to Riggs until Riggs executed to the plaintiffs a chattel mortgage thereon. They further allege that the chattel mortgage was never executed to plaintiffs, and that the ownership is now and does still remain in the plaintiffs.

The administrator intervened, and claims that the automobile belongs to him as part of the assets of the estate of Charles Riggs, on which he is administering; that, as such administrator, he notified Hammers of his appointment; that the automobile was the property of said estate; and that he claimed the same, and asked Hammers to hold the automobile for him.

Hammers, by way of answer, admits that the automobile was in his possession at the time of the replevin, by reason of the fact that Riggs lived at Hammers' home, and kept his car on the place. He further admits that the administrator of the Riggs estate directed him to hold the car for said administrator; that he has no further interest or right in said automobile, and is holding the same under the direction of the administrator.

The evidence shows that the transaction by which Riggs became possessed of the automobile was had wholly between Riggs and W. L. Daniel, and that no other person was present.

By reason of the operation of the statute, Section 4604 of

the Code of 1897, W. L. Daniel was unable to testify as to what was said and done between him and Riggs at the time; and, of course, Riggs being dead, we have not his testimony or explanation of the transaction.

The sum total of plaintiffs' claim is that the title to the car was not to pass until Riggs had executed the chattel mortgage on the car to the plaintiffs; or, generally speaking, plaintiffs claim that the sale was a conditional sale, with title reserved in plaintiffs.

Not having the testimony of either of the parties to the transaction, the plaintiffs, in order to recover herein, must prove the conditional sale by circumstantial evidence; and the plaintiffs' case must rest on the following testimony:

H. C. Daniel testifies to a conversation between Riggs and W. L. Daniel, in which he says, among other things:

"I was not present when he [Riggs] bought the car. I had no part in the conversation between W. L. Daniel and Riggs. This conversation was at another time than the date on which Riggs got the car. Riggs said he would come in and fix up a mortgage on the car; that something might happen to him."

P. M. Rist says:

"I know and saw Charles Riggs after December 23, 1922, probably ten days or two weeks after he bought the car. He and I had a conversation about the car. He asked if I had the figures or data on these papers, and if I did, we would make them out and finish making out the mortgage on the car."

This is the sum total of the testimony bearing on this issue. The question involved in the controversy is solely and lonely the question of who was entitled to possession of the automobile on the date on which the replevin was served. The physical possession of the automobile at that time was in the defendant Hammers, and he says that he was holding the same for the intervener, Delevan, administrator, under Delevan's direction; that Delevan claimed the automobile as part of the assets of the Riggs estate.

There is no burden on either Hammers or Delevan to deraign his title to the automobile. The burden of proof is on the plaintiffs, to establish by preponderance of evidence that, at the time they sued out this writ of replevin, they were entitled to

possession of the car. They must recover on the strength of their title, and not on the weakness of that of the defendant or the intervener. *Hillman v. Brigham,* 110 Iowa 220; *Remington Typewriter Co. v. McArthur,* 145 Iowa 57; *Hamilton v. Iowa City Nat. Bank,* 40 Iowa 307.

The most that can be said for the plaintiffs' testimony heretofore set out, is that Riggs, at some time after the purchase of the automobile, stated that he was going to give to the plaintiffs a chattel mortgage on the same. There is nothing in the record to show that the giving of this chattel mortgage was part of the original agreement between Riggs and the plaintiffs.

Under the record in this case, as it stands, we are constrained to hold that the plaintiffs have not sustained the burden of proof of showing that they were entitled to possession of the car at the time they sued out the replevin; and the lower court was in error in so holding.—*Reversed.*

. FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.