J. W. CHORPENING, Appellant, v. JOHN M. NICKERSON et al., Appellees.

No. 43781.

JUNE 15, 1937.

L. J. Kehoe, for appellant.

Theodore B. Bailey and Baldridge & Bailey, for appellees.

PER CURIAM.—The defendant, John A. Nickerson, is a son of the defendant, John M. Nickerson. The son commenced a milk business in the spring of 1935 upon premises rented from his father. In February, 1936, the defendant, John M. Nickerson, sued out a landlord's attachment for rent, and levied upon the personal property on the premises, now claimed to be owned by the plaintiff herein.

Plaintiff claims to be the absolute owner and entitled to the possession of the property levied upon under the landlord's attachment, and commenced this action in replevin to recover the property seized in the attachment suit, upon the claim that the property belongs to him, was purchased and paid for by him, and is wrongfully held by the defendant, John M. Nickerson, under his landlord's attachment.

At the close of plaintiff's testimony, defendants moved for a directed verdict upon the ground that plaintiff failed to show that he was the owner of or entitled to the possession of said property. The court sustained this motion and plaintiff appeals.

The only error relied upon is that there is a conflict in the evidence as to plaintiff's ownership and right to the possession of said property, and that the question of plaintiff's right to the possession of said property should have been submitted to the jury. No other errors are alleged.

The only witness who testified in the case was plaintiff. In order to recover possession of personal property under a writ of

replevin, the burden is upon the plaintiff to show that he was entitled thereto at the time the property was taken under the writ; and he can only recover such property upon the strength of his own title and not upon the weakness of the defendant's. Hamilton v. Iowa City Nat. Bank, 40 Iowa 307; Hillman v. Brigham, 110 Iowa 220, 81 N. W. 451; Remington Typewriter Co. v. McArthur, 145 Iowa 57, 123 N. W. 760; Gardner v. Builders Co., 190 Iowa 443, 180 N. W. 188; Daniel v. Hammers, 199 Iowa 963, 203 N. W. 235.

In Daniel v. Hammers, 199 Iowa 963, 1. c. 965, 203 N. W. 235, 236, this court said:

"The burden of proof is on the plaintiffs, to establish by preponderance of evidence that, at the time they sued out this writ of replevin, they were entitled to the possession of the car. They must recover on the strength of their title, and not on the weakness of that of the defendant or the intervenor. * * * The most that can be said for the plaintiffs' testimony * * * is that Riggs, at some time after the purchase of the automobile, stated that he was going to give to the plaintiffs a chattel mortgage on the same. There is nothing in the record to show that the giving of this chattel mortgage was part of the original agreement between Riggs and the plaintiffs. Under the record * * * plaintiffs have not sustained the burden * * * of showing that they were entitled to possession of the car at the time they sued out the replevin."

While there is testimony in this case tending to show that the plaintiff furnished certain funds to the defendant, John A. Nickerson, at or about the time he commenced business, there is no testimony whatever showing that the moneys received from plaintiff were in fact used to purchase the property in question for the plaintiff.

Plaintiff testified that the defendant, John A. Nickerson, owes him $766.27 for moneys advanced him to purchase equipment for the milk business, and he, therefore, claims to own the equipment used therein.

Plaintiff did not personally buy the equipment, nor is there any evidence showing that it was purchased for him. Plaintiff admits, however, that he sold the defendant, John A. Nickerson, milk for use in his business, and says that John A. Nickerson owes him $274 therefor. He also testifies that John A. Nicker-

son owes him $766.27 altogether for the equipment seized under the writ of replevin in this case.

The record shows without dispute that plaintiff requested the defendant, John A. Nickerson, to give him a chattel mortgage covering all of the dairy equipment on the premises, but that defendant failed and refused to execute the same.

While the testimony tends to show that the plaintiff may have furnished the defendant, John A. Nickerson, certain moneys for the purpose of enabling him to purchase equipment for himself, the property was never in fact purchased for plaintiff and he never acquired title thereto.

The only conclusion to be reached from the evidence is that the defendant, John A. Nickerson, was indebted to the plaintiff for moneys received from him for the purpose of enabling him to purchase equipment in his business. Plaintiff's action in attempting to secure a chattel mortgage on the property from the defendant, John A. Nickerson, was inconsistent with a claim of ownership therein. Such evidence was sufficient to show that plaintiff was not the owner of the property, and that before it was taken from defendant, John A. Nickerson, on a landlord's attachment, the possession thereof was rightly in said Nickerson.

The record shows without dispute that the property seized under the writ had always been in the possession of John A. Nickerson upon premises rented from the defendant, John M. Nickerson, until it was levied on under the landlord's attachment.

There is no testimony in the record warranting a conclusion that the plaintiff was entitled to possession of the property at the time he sued out his writ of replevin.

We are, therefore, constrained to hold that the action of the lower court in sustaining defendants' motion for a directed verdict was correct, and its judgment is, therefore, hereby affirmed. --Affirmed.