MARX TRUCK LINE, INC., appellant, v. MARVIN FREDRICKSEN, appellee.

No. 52454.

(Reported in 150 N.W.2d 102)

April 4, 1967.

542

Crary, Huff & Yates, of Sioux City, for appellant.

William A. Shuminsky, of Sioux City, for appellee.

MOORE, J.—This is a law action in replevin by plaintiff, Marx Truck Line, Inc., a corporation, against defendant, Marvin Fredricksen, to secure possession of a certain 1956 Diamond T. truck-tractor. On filing its verified petition plaintiff posted bond and obtained immediate possession of the vehicle and put it into operation. On trial the jury found for defendant and fixed the value of the vehicle at time of taking at $2000. Defendant then elected to take judgment for that amount and interest thereon. Plaintiff has appealed therefrom. We affirm.

Plaintiff's petition, filed May 8, 1963, alleged it was the unqualified owner of a certain Diamond T. truck-tractor, 1956 Model, Serial No. 6620385, by reason of certificate of title No. 97-221744 duly issued to plaintiff July 22, 1961, by the Woodbury County Treasurer. It further alleged that on or about July 15, 1961, defendant did sell said vehicle to plaintiff's predecessor, Marx Truck Line, a partnership, under a conditional sales contract, defendant on that date assigned said contract to Siouxland Credit Corporation, with recourse, and that plaintiff-corporation purchased the contract from Siouxland March 29, 1963. It alleged the value of the truck-tractor was $1500.

The writ issued on plaintiff's petition and the original notice served stated plaintiff claimed right of possession by reason of the above described certificate of title.

Defendant's answer denied plaintiff was the unqualified owner and had a right of possession to the vehicle. It alleged the value of the vehicle was $2500, and defendant at all times prior to the writ had possession of the vehicle under an oral repurchase agreement with Marx Truck Line, the partnership, under which he was to be employed by the partnership to haul freight

to Chicago at least once a week with $50 per trip to be withheld as payment on the agreed purchase price of $1688.32.

The issues were thus fairly well established by these pleadings but did not long so remain. Amendments and motions followed until plaintiff on October 26, 1964, filed a recast petition. Defendant's answer was then recast. During trial plaintiff, over defendant's objection, was permitted to amend its recast petition and alleged the title certificate had been issued to its predecessor. At the close of the evidence plaintiff withdrew any claim of possession under the conditional sales contract except that it thereby came into possession of the title certificate. Defendant, over plaintiff's objection, was permitted to include a request that it have the value of the vehicle as of the time it was taken under the writ in May 1963.

The facts in this case are somewhat complicated due to the partnership's continued operation after the corporation was organized. During early 1961 defendant owned the vehicle here involved and a 1956 Fruehauf trailer which he used to haul freight. He had been engaged by Marx Truck Line, a partnership composed of Robert, Wallace and Donald Marx, to haul consigned freight to Chicago. He had financed his rig with Siouxland Credit Corporation and met with financial difficulties in the spring of 1961. Shortly before July 15, 1961, defendant related his troubles to Robert Marx, the managing partner. Defendant wanted to remain employed. The partnership needed his rig and services.

On July 15, 1961, defendant held the certificate of title to the truck-tractor here involved, subject to the lien for money loaned to him by Siouxland. On that date he executed a conditional sales contract selling the truck-tractor and trailer to the partnership for $5188.32. It provided for payment by the partnership of $322.83 per month, starting August 15, 1961. He then assigned the contract to Siouxland. As part of the transaction Siouxland included a finance charge of $622.62.

Defendant on July 15, 1961, assigned his certificate of title to Marx Truck Line. On July 22, 1961, certificate of title No. 97-221744 for the vehicle here involved was issued to Marx

Truck Line, the partnership. It showed the lien of Siouxland Credit Corporation. This certificate remained unchanged until April 13, 1964, when the partnership transferred the vehicle to Marx Truck Line, Inc., and a new certificate of title No. 97-292307 was issued.

On September 11, 1961, the Iowa Secretary of State issued a certificate of incorporation to Marx Truck Line, Inc. The three Marx brothers signed the articles of incorporation.

On January 22, 1962, Robert L. Marx, as managing partner executed an assignment of physical assets of the partnership to the corporation, including the title to various motor vehicles owned by the partnership. It made no reference to any particular vehicle.

The record discloses the monthly payments due under the conditional sales contract were made regularly until August 1962 when apparently a dispute developed over the balance then owing to Siouxland. In October 1962 the partnership brought an action in the Woodbury District Court against Siouxland Credit Corporation and Marvin Fredricksen. The record discloses this action was settled by a stipulation between the partnership and Siouxland on April 2, 1963. The stipulation states the plaintiff had at the commencement of the action tendered and paid into court $1518.87 as the balance owing on the conditional sales contract. Siouxland stipulated and agreed to accept that sum and agreed to sell and turn over to Marx Truck Line its right, title and interest in the conditional sales contract. That part of the stipulation does not designate the truckline as a partnership or corporation but in the last paragraph states Siouxland had assigned its interest in the contract to the corporation on March 29, 1963. Fredricksen, if ever served, was not a party to this stipulation. The check for $1518.87 paid into court was that of the corporation. The corporation was not a party in that action or the settlement stipulation.

Trial of the case at bar commenced March 29, 1965. Defendant, Marvin Fredricksen, and Robert L. Marx testified at the time the partnership purchased the truck-tractor and trailer an oral agreement was entered into whereby the truck-tractor

was to remain in Fredricksen's possession, he was to be given at least one trip a week to haul freight to Chicago with the vehicle pulling a Marx trailer and from his compensation therefor $50 per trip was to be withheld by the partnership until he fully paid the amount of the repurchase agreement. The partnership was then to transfer title to the truck-tractor back to defendant Fredricksen.

Between July 1961 and January 1962 regular trips were made for the partnership by defendant. A total of $1130 was withheld by the partnership in performance of the repurchase agreement. In January 1962 a disagreement developed between defendant and Robert Marx as to the balance owing. Marx contended the $622.62 credit charge should be paid as part of the repurchase price. Defendant contended $3500 was allowed for the trailer and the balance of $1688.32 was the amount agreed upon. Thereafter Robert Marx as managing partner or manager of the corporation refused to give any more trips to defendant.

Defendant at all times had possession of the truck-tractor until it was taken under the writ of possession on May 8, 1963. Certificate of title No. 97-221744 was then held in the form received by the partnership on May 22, 1961, with the lien of Siouxland Credit Corporation noted thereon.

Siouxland did not release the lien until March 17, 1964. The first certificate of title to plaintiff-corporation was issued April 13, 1964. On that date the partnership by W. A. Marx executed an assignment on the back of the certificate of title No. 97-221744. The corporation was then issued certificate of title No. 97-292307. It shows the partnership as the previous owner. Thereafter the vehicle here involved was for the first time licensed in the name of plaintiff-corporation. This was eleven months after plaintiff had taken possession of the truck-tractor under the writ of replevin.

Wallace Marx, one of the partners, when asked to explain why title was not transferred until April 13, 1964, testified: "This title was not transferred to the corporation until this date for the reason it was not a clear title. The title showed a lien which had to be satisfied and paid off before it could be trans-

ferred from Marx Truck Line to Marx Truck Line, Inc. It could not have been transferred before that date."

Several of plaintiff-appellant's assigned errors are directed to the trial court's rulings on pleadings and its submission to the jury of defendant-appellee's pleaded oral agreement. Our study of the record, however, leads us to first consider defendant's contention that plaintiff failed as a matter of law to establish it was the unqualified owner of the vehicle involved at the time the petition was filed and the writ issued on May 8, 1963.

I. The gist of a replevin action is the immediate right to possession and whatever be the right or want of right of defendant, if plaintiff be not entitled to present possession of the vehicle involved it cannot prevail. Marienthal, Lehman & Co. v. Shafer, 6 Iowa 223, 224; Lyons v. Shearman, 245 Iowa 378, 381, 62 N.W.2d 196, 197; Ritchie v. Hilmer, 251 Iowa 1002, 1004, 103 N.W.2d 858, 859.

Gardner & Butters v. Builders M. Co., 190 Iowa 443, 444, 180 N.W. 188, 189, a replevin action, states: "Plaintiff alleged that it was the owner of the property in controversy; and the burden rested upon it to prove this allegation of its petition, and it could not recover upon the weakness of the defendant's title."

II. Plaintiff in this replevin action had the burden to prove by a preponderance of the evidence it was entitled to possession of the vehicle involved at the time it sued out the writ. Richards v. Hellen & Son, 153 Iowa 66, 73, 133 N.W. 393, 396; Carr v. King & Tomlinson, 184 Iowa 734, 739, 169 N.W. 133, 134; Daniel v. Hammers, 199 Iowa 963, 965, 203 N.W. 235, 236; Haack v. Rodenbour, Jr., 234 Iowa 368, 371, 12 N.W.2d 861, 863; Harlan v. Mennenga, 241 Iowa 52, 59, 40 N.W.2d 48, 52. An after-acquired interest will not support replevin. 77 C. J. S., Replevin, section 42; 46 Am. Jur., Replevin, section 25.

III. Plaintiff's claimed right to possession of the truck-tractor is based upon its allegation of unqualified ownership. It necessarily, under the undisputed facts here, encounters difficulty from section 321.45(2), Code 1962, which provides, with two exceptions not applicable here, that: "No court in any case at law or equity shall recognize the right, title, claim or interest

of any person in or to any vehicle subject to registration sold or disposed of, or mortgaged or encumbered, unless evidenced by a certificate of title or manufacturer's or importer's certificate duly issued or assigned in accordance with the provisions of this chapter."

For the partnership to transfer ownership of the truck-tractor to the corporation it was required under Code section 321.45(3) to endorse an assignment upon the certificate of title with a statement of all liens and encumbrances thereon. It was also required to sign the reverse side of the registration card issued for the vehicle and to indicate name and address of trans-feree and date of transfer. Such action was not taken by the partnership until April 13, 1964, approximately eleven months after plaintiff filed its petition and obtained the writ of replevin.

In State Farm Mut. Auto. Ins. Co. v. Drawbaugh, 159 Neb. 149, 65 N.W.2d 542, plaintiff after paying its insured for a stolen vehicle took an assignment of the certificate of title but did not obtain a new certificate in its own name. Months later, when the vehicle was found in possession of an innocent purchaser, the in-surer instituted replevin action. The Nebraska court held the insurer failed to sustain its burden of proving ownership of the automobile and the right of possession thereof. The holding is based upon the proposition plaintiff not having a certificate of title could not be held the owner of the car.

As we point out in Calhoun v. Farm Bureau Mut. Ins. Co., 255 Iowa 1375, 125 N.W.2d 121, our motor vehicle title certificate law is substantially like that of Nebraska. It is iden-tical as to the above quoted portion of the statute. In our Cal-houn case, Varvaris v. Varvaris, 255 Iowa 800, 124 N.W.2d 163, 100 A. L. R.2d 1215, and State v. Sabins, 256 Iowa 295, 127 N.W.2d 107, we hold that without an assignment of the certificate of title ownership of the vehicle does not pass.

In the case at bar plaintiff was not shown to be the un-qualified owner of the vehicle on May 8, 1963. Under our prior holdings the partnership remained the owner thereof on that date. Having failed to prove its pleaded ownership plaintiff was not entitled to possession. The trial court should have so declared

as a matter of law. Defendant's motion for directed verdict as to this issue should have been sustained.

IV.   A successful defendant in a replevin case who was entitled to a directed verdict may have an affirmance. Assuming, arguendo, errors were committed by the trial court in the submission of the issue of right of possession, they were without prejudice to plaintiff, Marx Truck Line, Inc. Lyons v. Shearman, 245 Iowa 378, 379, 380, 62 N.W.2d 196, and citations. Several of plaintiff's assigned errors are therefore not determined by us.

V.   Plaintiff asserts the trial court erred in permitting defendant to amend the prayer of its answer asking it be allowed the value of the truck-tractor. It also claims a counterclaim was thereby asserted.

Trial courts have a broad discretion, in furtherance of justice, to permit or deny amendments to pleadings, including those to conform to the proof and which do not substantially change the claim or defense. Skinner v. Polk County, 250 Iowa 1264, 1266, 98 N.W.2d 749, 751, and citations. In addition to the pleadings asserting value, defendant testified the reasonable market value of the truck-tractor when taken was $2500.

Code section 643.19 provides a successful defendant in a replevin action if not in possession of the property involved may elect to take judgment against plaintiff and the surety on his bond for the money value of the property. If an amendment to the prayer of defendant's answer was necessary, we find no abuse of discretion in permitting it.

VI.   Code section 643.2 provides: "Ordinary proceedings—joinder or counterclaim. The action shall be by ordinary proceedings, but there shall be no joinder of any cause of action not of the same kind, nor shall there be allowed any counterclaim."

This and other sections of chapter 643 clearly limit replevin actions to right of possession and the determination of value of property wrongfully withheld. Defendant's prayer he be allowed the value of the truck-tractor was in conformity with the statute.

Ritchie v. Hilmer, 251 Iowa 1002, 1006, 103 N.W.2d 858, 860. It was not an assertion of a counterclaim.

Plaintiff's election to proceed by replevin narrowly limited the issues to be decided in this case. We find no reversible error. Plaintiff failed to sustain its burden of showing right of possession of the truck-tractor at the time it sued out the replevin.— Affirmed.

All JUSTICES concur except RAWLINGS, J., who takes no part, and THORNTON, J., not sitting.