ANKENY COMMUNITY SCHOOL
DISTRICT, Appellee,

v.

Don VAN GORP, Defendant,

and

Municipal Supply, Inc., Appellant.

No. 92–529.

Supreme Court of Iowa.

June 16, 1993.

———

Ronald M. Rankin and Janice M. Herfkens of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for appellant.

Jeffrey A. Krausman of Belin Harris Lamson McCormick, A P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and LAVORATO, JJ.

HARRIS, Justice.

Plaintiff school contracted with defendant Municipal Supply, Inc. for the purchase and installation of a water conditioner. After the conditioner was installed Municipal Supply billed the school for the unit, its installation, various fittings, and materials in a total amount of $10,749.80. The school did not pay because it received a second bill from defendant Don Van Gorp

who also claimed he was entitled to be paid for the conditioner.

Sometime thereafter Van Gorp removed the conditioner without consulting with or obtaining permission from the school. It is said the removal caused $711.83 in damages to the school property. Van Gorp took the conditioner to his place of business in Knoxville, Iowa.

The school brought this replevin action, demanding immediate delivery and possession of the conditioner, suing both Van Gorp and Municipal Supply. The school produced the bond required by Iowa Code section 643.7 (1991) and obtained an order for issuance of a writ of replevin against Van Gorp.

The order, entered ex parte, purported to enjoin both Van Gorp and Municipal Supply from filing suit against the school district.[1] The order also acknowledged that the school district had paid the purchase price of the water conditioner ($9200) into district court and posted bond equal to twice the value of the unit ($18,400). The writ was executed the same day, and the property was returned to the school district.

The appeal involves only the dispute between the school and Municipal Supply. The school insists it seeks only to enforce its right to possess the water conditioner and to pay for it. Municipal Supply has never disputed the school's right to possess the unit and thinks the school has an ulterior motive. It argues the school's real purpose in joining its replevin claim against Van Gorp with its claim against Municipal Supply was to improperly limit its liability to Municipal Supply to $9200, rather than the larger amount Municipal Supply claims.

When later served with original notice, Municipal Supply appeared and moved to dismiss or strike. The motion asserted that Municipal Supply (1) was not a proper party to the replevin action and (2) the petition improperly joined claims for replevin and interpleader in violation of Iowa Code section 643.2. The district court overruled this motion.

By way of counterclaim Municipal Supply thereafter attempted to assert its position regarding the school's obligation. The counterclaim sought judgment against the school for a total installed purchase price of $10,749.80 plus interest. The district court, on the school's motion, dismissed the counterclaim because it violated the earlier injunction not to sue the district. The court proceeded to in effect amend the original order for injunction (signed by a different judge), stating that the injunction prohibited only counterclaims, but did not prohibit Municipal Supply from pursuing interest and amounts for installation materials from the school district in a separate action.

Although the trial court orders were purely interlocutory in nature, Municipal Supply filed a direct appeal to challenge them. Pursuant to Iowa rule of appellate procedure 1(c), we treat Municipal Supply's notice of appeal as an application for permission to bring an appeal in advance of final judgment and grant the application.

I. Replevin actions are tried as "ordinary proceedings." Iowa Code § 643.2. Our review is for correction of errors at law. Iowa R.App.P. 4.

■ II. Replevin actions are highly specialized procedures, carefully designed for a narrow purpose: to restore the property to the party entitled to its immediate possession. *Flickinger v. Mark IV Apartments Ass'n*, 315 N.W.2d 794, 796 (Iowa 1982); *Rick v. Boegel*, 205 N.W.2d 713, 716 (Iowa 1973); *Barry v. State Surety Co.*, 261 Iowa 222, 225, 154 N.W.2d 97, 99 (1967); *Marx Truck Line, Inc. v. Fredricksen*, 260 Iowa 540, 546, 150 N.W.2d 102, 105 (1967). A statute helps to limit the scope of the action to this special purpose. Iowa Code § 643.2 ("there shall be no joinder of any cause of action not of the same kind, nor shall there be allowed any counterclaim").[2]

Many, though not all, jurisdictions do allow counterclaims in replevin actions if they relate to the subject matter of the

---

1. After directing the issuance of the writ, the order stated "that all defendants are hereby enjoined from suing the plaintiff on the [water conditioner]."

2. A special alternative under Iowa Code § 643.19 allows a successful replevin defendant to elect to take judgment against the plaintiff (and plaintiff's surety) for the value of the prop-

dispute. Iowa may be the only state to completely prohibit them by statute. 66 Am.Jur.2d *Replevin* § 49 (1973); 77 C.J.S. *Replevin* § 82 (1952).

Iowa's scheme is to restrict the action to a sorting out of the right to immediate possession. Municipal Supply did not claim possession. Replevin was thus an inappropriate tool for the school district in its attempt to delineate its financial obligations with regard to Municipal Supply. Municipal Supply's motion to dismiss the action should have been sustained.

Error in overruling that motion probably can be blamed for Municipal Supply's counterclaim. Although the counterclaim was correctly dismissed, we can sympathize with Municipal Supply's frustration, having been improperly joined in the action and enjoined at the time from suing to assert its position.

The district court greatly helped the situation when it amended its earlier order for injunction. But, because Municipal Supply asserted no right to possession of the property, it was error not to sustain its motion to dismiss.

REVERSED AND REMANDED.

erty. This in no way expands the limited gist of a replevin action. *See Marx Truck Line, Inc.,*